■    EMIL M. SANCHEZ, Respondent, v BERNICE BRENDZA, Appellant.—Judgment, Supreme Court, New York County, entered October 26, 1977, after an assessment of damages directed upon an order of said court, entered May 20, 1977, granting plaintiff's motion for a default judgment pursuant to CPLR 3215, unanimously reversed, on the law, with $60 costs and disbursements of this appeal payable to appellant, and plaintiff's motion for an order pursuant to CPLR 3215 directing an assessment of damages and to enter default judgment denied. In this action to recover the sum of $75,000 for legal services, the parties executed a stipulation of settlement dated April 8, 1974. No answer was interposed. Asserting that defendant breached and failed to comply with the stipulation of settlement, plaintiff moved in this action for an assessment of damages and entry of a default judgment. The stipulation of settlement does not contain a provision for entry of a judgment in the event of failure to comply with the stipulation. Under the terms of the stipulation, plaintiff was to be paid $23,000, which sum was to be realized from defendant's share of the proceeds of the sale of a garage. Plaintiff obligated himself to "collaborate" on the sale "in full good faith, testing the current market values, together with other prior offers and any new ones that may be encountered, and consummation of the sale shall be made on a formula basis at levels not less than those outlined in the Arnold Penner Proposition". No express time limit was set forth in the stipulation for the consummation of the sale. It was further agreed that if defendant consented to the stipulation, the instant action would be "discontinued." Defendant did consent. It is noted that in opposing plaintiff's motion, defendant avers that she pursued all offers of purchase of the garage, but has been unable to effectuate a sale. No hearing with respect to

the terms of the stipulation and the circumstances underlying the absence of a sale of the garage was held. Under these circumstances, it being envisioned that this action would be discontinued upon defendant's consenting to the stipulation and in view of the terms of that stipulation, Special Term could not grant the relief requested by plaintiff by motion (in effect vacating the stipulation) and a plenary action is necessary for enforcement of or relief from the terms of the stipulation (see *Yonkers Fur Dressing Co. v Royal Ins. Co.,* 247 NY 435; *Hegeman v Conrad,* 284 App Div 969). Concur—Murphy, P. J., Lupiano, Silverman, Fein and Sullivan, JJ.